

FILED by _____ D.C.

ELECTRONIC

**May 25, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

HSBC BANK USA NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
HOLDERS OF NOMURA HOME EQUITY
LOAN, INC., HOME
EQUITY LOAN TRUST, SERIES 2007-1,

      Plaintiff,

v.

JEFFREY M. SISKIND, et al.,

      Defendants,

v.

WILLIAM L. SISKIND, Intervenor.

_____/

CASE NO.

# 12-10055-CIV-Martinez/McAliley

Removing:

Monroe County Circuit Court, 16th Judicial
Circuit, Monroe County, Florida, Case No.
44-2009-CA-000057 P

### NOTICE OF REMOVAL

### AND

### MOTION FOR DECLARATORY
### RELIEF UNDER 28 USC 2201(a)

**PLEASE TAKE NOTICE** that Defendant, Jeffrey Siskind, hereby removes the state

court action entitled *HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE FOR THE*

*HOLDERS OF NOMURA HOME EQUITY LOAN, INC., HOME EQUITY LOAN TRUST,*

*SERIES 2007-1 v. JEFFREY SISKIND et al. v. WILLIAM SISKIND, Intervenor,* in the Circuit

Court in and for the Sixteenth Judicial Circuit, Monroe County, Florida, Case No. 44-2009-CA-

000057 P, to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

The grounds for removal are that the intervention of Intervenor William Siskind has

presented a federal question, the resolution of which is within the exclusive jurisdiction of this

Court and which will be determinative of the underlying state action.

To this end, Defendant Jeffrey M. Siskind moves this Court to take jurisdiction of this

matter and grant declaratory relief, pursuant to the Declaratory Judgment Act, by finding that the

avoidance of the transfer of the underlying subject real property, entered by order of the United

1

States Bankruptcy Court, District of Maryland, Adversarial Proceeding 04-2099 in Bankruptcy

Case No. 02-65786-ESD, on July 8, 2008, takes precedence under federal law over any

subsequent attempted transfers of said property, while Plaintiff in the state court action seek to

rely upon the validity of transfers which were avoided.  In support of this Notice and Motion,

Defendant states as follows:

## JURISDICTION FOR REMOVAL

1. Under Chapter 28, Section 1446 of the United States Code, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

2. On May 1, 2012, Defendant Jeffrey M. Siskind received notice that Intervenor William Siskind ("Intervenor") moved to intervene in the state court action below, a copy of which is attached as "Exhibit A."

3. In his Motion to Intervene, Intervenor claims an interest in the underlying subject real property by virtue of an Avoidance Order ("Order") of the United States Bankruptcy Court, District of Maryland (Baltimore Division) issued July 8, 2008, a certified copy of which is attached as "Exhibit B," and which purports to avoid any transfers subsequent to that which conveyed title to Jeffrey M. Siskind and William L. Siskind on November 30, 1999, and recorded in Official Record Book 1733, Page 2427 of the Public Records of Monroe County, Florida.

4. Intervenor's pleading presents a federal question as to the effect of the Order under federal law on any subsequent transfers of the subject real property.

5. Under 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

6. The United States Bankruptcy Code governs the field of federal bankruptcy law and grants the federal courts exclusive jurisdiction over bankruptcy cases. 28 U.S.C. § 1334(a).

7. The bankruptcy law is a paramount law, taking precedence over all state laws and proceedings. *See generally* Kalb v. Feuerstein, 308 U.S. 433, 439, 60 S.Ct. 343, 84 L.Ed. 370 (1940). Further, "The subject of bankruptcy falls within the express constitutional powers of Congress, and bankruptcy law therefore takes precedence over state laws under the Supremacy Clause." Stanley ex rel. Estate of Hale v. Trinchard, 579 F.3d 515, 519 (5th Cir. 2009), *citing* U.S. Const., art. VI.

8. Moreover,

> Since federal bankruptcy law is preemptive, such Congressional intent must take precedence over any state law to the contrary: When the language of an avoiding power established under Federal bankruptcy law 'is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms,' Central Trust Co. v. Official Creditors Comm. of Geiger Enters., Inc., 454 U.S. 354, 102 S.Ct. 695 [70 L.Ed.2d 542] (1982), and [state law] policy arguments against its enforcement are not relevant.

In re Centergas, Inc., 172 B.R. 844, 853 (Bankr. N.D. Tex. 1994), *citing* In re Richardson, 23 B.R. 434, 448 (Bankr.D.Utah 1982).

9. Intervenor was not made a party to this action by Plaintiff, although the avoidance order was arguably a matter of public record.

10. The underlying foreclosure matter was subsequently set for trial, but the trial court was unable to schedule a hearing on Intervenor's Motion to Intervene.

11. For all of the above reasons, determination of the federal question of law presented by the Order as described in Intervenor's Motion to Intervene is proper in this Court, and Defendant hereby removes the action to this Court pursuant to 28 U.S.C. §§ 1331 & 1441(c).

12. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly notify the clerk of the Circuit Court in and for Monroe County, Florida of the filing of this Notice of Removal. Also pursuant to 28 U.S.C. § 1446(d), Defendant will notify Plaintiff of same.

13. The United States District Court for the Southern District of Florida is the appropriate court for filing a Notice of Removal from the Circuit Court in and for Monroe County, because it is the district embracing the place where the Action is pending. *See* 28 U.S.C. § 1441(a).

14. Venue of this action is proper in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1391.

## JURISDICTION FOR GRANTING DECLARATORY RELIEF

15. Section 2201(a) of the United States Code reads in relevant part:

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C.A. § 2201(a).

16. Under 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

4

17. The United States Bankruptcy Code governs the field of federal bankruptcy law and grants the federal courts exclusive jurisdiction over bankruptcy cases.   28 U.S.C. § 1334(a).

18. The avoidance order on which Intervenor seeks to intervene was <u>fully litigated</u> in an adverse proceeding in which Defendant Jeffrey Siskind fought vigorously to prevent the order which was adverse to him and which is central to the federal question posited.

19. Whichever party may prevail in the State Court action, their claim to title will remain clouded if the federal question is not resolved.

20. Claims presented in the state case are preempted by bankruptcy law, over which the federal court has exclusive jurisdiction. <u>Gonzales v. Parks</u>, 830 F.2d 1033 (9th Cir.1987); <u>MSR Exploration, Ltd. v. Meridian Oil, Inc.</u>, 74 F.3d 910 (9th Cir.1996); <u>Miles v. Okun</u> <u>(In re Miles)</u>, 430 F.3d 1083; (9th Cir.2005); and <u>Davis v. Yageo Corp.</u>, 481 F.3d 661, 678 (9th Cir.2007)).

21. Where claims presented in a state court action implicate the rights and duties of creditors and debtors under the bankruptcy code, the federal court's exercise of its jurisdiction under the Declaratory Judgment Act is proper.  Accordingly, it is improper for the Court to decline to exercise its discretion to accept jurisdiction under the Declaratory Judgment Act in regards to the federal question.  *See* <u>Starkle v. Wollrab</u>, 818 F. Supp. 2d 1231, 1238 (S.D. Cal. 2011).

22. The sole requirement for a district court to have subject matter jurisdiction over a claim brought pursuant to the Declaratory Judgment Act is an 'actual controversy.' <u>Teva</u> <u>Pharms. USA, Inc. v. Novartis Pharms. Corp.</u>, 482 F.3d 1330, 1338 (Fed. Cir. 1997).

23. The matter before the state court is an "actual controversy" under 28 U.S.C. § 2201, as it is an action to foreclose rights to real property located at 401 Carysfort Road in Key Largo, Monroe County, Florida ("the Property").

24. Pursuant to the Order of the United States Bankruptcy Court, District of Maryland, Case No. 02-65786-ESD, entered July 8, 2008, a certified copy of which is attached as "Exhibit B," transfer of the Property from William Siskind and Jeffrey Siskind to Transamerican Commercial, Ltd. was avoided by that court.

25. If, under federal law, the above-referenced avoidance has a binding effect under federal law and takes precedence over any subsequent attempted transfers of the subject real property, said effect will be determinative of the state law claims in the underlying state court action.

26. Because of the foregoing, Defendant Jeffrey M. Siskind is unsure of his rights in the subject property and cannot properly prepare his defense in the underlying state court action until the federal question of the effect of the Order is determined by the proper court.

WHEREFORE, Movant respectfully requests that this honorable Court

    1) Take jurisdiction of this matter, and

    2) Declare that the avoidance of the transfer of the underlying subject real property, entered by order of the United States Bankruptcy Court, District of Maryland, Case No. 02-65786-ESD, on July 8, 2008, takes precedence under federal law over any subsequent attempted transfers of said property; and

    3) Grant all such further relief as the Court deems just and proper.

Jeffrey M. Siskind, pro se
525 S. Flagler Drive, Suite 500
West Palm Beach, FL  33401
TEL    (561) 832-7720
FAX    (561) 832-7668

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, pursuant to 28 U.S.C. § 1446(d), that a true copy of the foregoing was sent by USPS mail this 25th day of May, 2012 to Meaghan Fernandez, Esquire, Florida Default Law Grp., P.L., 9119 Corporate Lake Drive, 3rd Floor, Tampa, FL  33634, Alan Rosenthal, Esquire and Denise Rosenthal, Esquire, Carlton Fields, P.A., 100 S.E. Second Street, Suite 4200, Miami, FL  33131-2114, and to Sydney E. Scheinman, Esquire, Eisenger, Brown, Lewis & Frankel, P.A., 4000 Presidential Blvd., Suite 265-S, Hollywood, FL  33021.

Jeffrey M. Siskind, pro se

7

# EXHIBIT A

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

HSBC BANK USA NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE HOLDERS OF NO-
MURA HOME EQUITY LOAN, INC., HOME
EQUITY LOAN TRUST, SERIES 2007-1,

      Plaintiff,

v.                                CASE NO. 44-2009-CA-00057

JEFFREY M. SISKIND, et al.,

      Defendant(s).

v.

WILLIAM L. SISKIND, Intervener.
_____/

### MOTION TO INTERVENE

      COMES NOW, William L. Siskind ("Intervener"), pursuant to Fla. R. Civ. P. 1.230, and files this motion to intervene in the above styled matter , and as grounds therefor states as follows:

      1.The matter before the Court is an action to foreclose a mortgage on real property located at 401 Carysfort Road in Key Largo, Monroe County, Florida ("the Property").

      2.Intervener claims an interest in the property by virtue of an Avoidance Order ("Order") of the United States Bankruptcy Court, District of Maryland (Baltimore Division) issued July 8, 2008, a certified copy of which is attached as "Exhibit A," and which purports to avoid any transfers subsequent to that which conveyed title to Jeffrey M. Siskind and William L. Siskind on November 30, 1999, and recorded in Official Record Book 1733, Page 2427 of the Public Records of Monroe County, Florida.

      3.Intervener was not made a party to this action by Plaintiff.

      4.However, as a tenant in common of the Property, Intervener William Siskind possesses an undivided one-half interest in the Property under Florida law.

      5.Under Florida law, "one cotenant cannot bind another, absent that other's consent, by alienating any specific portion of the estate, since each cotenant owns an interest in the whole

which is indivisible except by partition or agreement." Elmore v. Elmore, 99 So.2d 265, 266 (Fla.1957).

6.Intervener William Siskind has never conveyed, nor consented to convey, his interests, including his possessory interests, in the Property to any other person or entity, including any of the parties names in the above-styled suit.

7. Accordingly, the Plaintiff in this matter is not entitled to enforce and/or foreclose its mortgage interest against Intervener William Siskind, who has never conveyed or consented to convey his possessory interest in the Property. *See* Gonzalez v. Chase Home Fin. LLC, 37 So. 3d 955, 957-958 (Fla. 3d DCA 2010).

## Standard for Granting Motion to Intervene

8.     Rule 1.230 of the Florida Rules of Civil Procedure provides that: "Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be subordinate to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." Fla. R. Civ. P. 1.230.

9.     An Intervener "may avail himself of any and all arguments which relate to derivation and extent of his own interests, whether or not these matters have been previously asserted by the original parties." Williams v. Nussbaum, 419 So.2d 715, 717 n.1 (Fla. 1st DCA 1982).

10.     Furthermore, courts in Florida hold that the right to intervene should be liberally construed. *See* Miracle House Corp. v. Haige, 96 So.2d 417, 418 (Fla.1957), wherein the Florida Supreme Court stated:

> It has generally been held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the Intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject matter of litigation (citations and internal quotes omitted).

11.     Intervener, William L. Siskind, asserts such an interest in this action by virtue of his ownership interest in the property, and seeks now to intervene in order to protect his possessory interests therein.

## Compulsory Authroity of Bankruptcy Order

12.     The Order of the United States Bankruptcy Court concerning the co-tenancy of Intervener William Siskind and Jeffrey Siskind is binding on this honorable Court under U.S. and Florida law.  The bankruptcy law is a paramount law, taking precedence over all state laws and proceedings. *See generally* Kalb v. Feuerstein, 308 U.S. 433, 439, 60 S.Ct. 343, 84 L.Ed. 370 (1940).  "The subject of bankruptcy falls within the express constitutional powers of Congress, and bankruptcy law therefore takes precedence over state laws under the Supremacy Clause."  Stanley ex rel. Estate of Hale v. Trinchard, 579 F.3d 515, 519 (5th Cir. 2009), *citing* U.S. Const., art. VI.  Further,

> Since federal bankruptcy law is preemptive, such Congressional intent must take precedence over any state law to the contrary:  **When the language of an avoiding power established under Federal bankruptcy law 'is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms,'** Central Trust Co. v. Official Creditors Comm. of Geiger Enters., Inc., 454 U.S. 354, 102 S.Ct. 695 [70 L.Ed.2d 542] (1982), and [state law] policy arguments against its enforcement are not relevant.

In re Centergas, Inc., 172 B.R. 844, 853 (Bankr. N.D. Tex. 1994), citing In re Richardson, 23 B.R. 434, 448 (Bankr.D.Utah 1982) (emphasis supplied).

13.     The foregoing facts and law show that Intervener is a real party in interest by virtue of the Bankruptcy Court Order attached as "Exhibit A," as well as the precedence of bankruptcy court rulings in state court proceedings.

14.     The above facts and law show that Intervener William Siskind has a possessory interest in the Property, and thus has an interest in this pending action and should be permitted to intervene as a matter of right.

15.     In addition to the above, Intervener William Siskind is Trustee of the Miriam M. Siskind Trust ("Trust"), which is the senior mortgage holder on the Property.

16.     At all times relevant hereto, Plaintiff knew or should have known of Trust's interest in the property, but did not include Trust as a party hereto.

WHEREFORE, Intervener respectfully asks this Court to enter its order granting this Motion to Intervene, permitting William L. Siskind to intervene in this action with the right to litigate all matters arising therein.

_____
William L. Siskind

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Intervene was sent May 1, 2012 by U.S. Mail to Meaghan Fernandez, Esq., Florida Default Law  Group, P.L., P.O. Box 25018, Tampa, Florida, 33622-5018, Alan Rosenthal, Esq. and Denise Rosenthal, Esq., Carlton Fields, P.A., 100 S.E. Second Street, Suite 4200, Miami, Florida  33131-2114, and to Sydney E. Scheinman, Esq., Eisenger, Brown, Lewis & Frankel, P.A., 4000 Presidential Blvd., Suite 265-S, Hollywood, Florida  33021.

_____
William L. Siskind

<u>EXHIBIT A</u>

Entered: July 08, 2008
Signed: July 07, 2008
**SO ORDERED**



I hereby certify that the
foregoing is a true copy of the
original thereof now on file in
this office.

Dated this ___ day of
_____ 20 12
_____
Clerk, U.S. Bankruptcy Court
for the District of Maryland

Nancy V Alquist
**NANCY V. ALQUIST**
**U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

|  |  |
|---|---|
| In re:                          ) | |
|                                 ) | Case No. 02-65786-ESD |
| WILLIAM L. SISKIND,             ) | Chapter 11 |
|                                 ) | |
|         Debtor.                 ) | |
|                                 ) | |
| GRAY & ASSOCIATES, LLC          ) | |
|                                 ) | Adv. Proc. 04-2099 |
|     Substituted Plaintiff,      ) | |
|                                 ) | |
| v.                              ) | |
|                                 ) | |
| TRANSAMERICAN COMMERCIAL, LTD.) | |
|                                 ) | |
|      Defendant.                 ) | |

**ORDER DENYING MOTION OF JEFFREY SISKIND TO VACATE ORDER
GRANTING MOTION OF GRAY & ASSOCIATES, LLC FOR SANCTIONS AGAINST
DEFENDANT TRANSAMERICAN COMMERCIAL, LTD. AND ENTERING
JUDGMENT IN FAVOR OF GRAY & ASSOCIATES, LLC AND GRANTING MOTION
OF LIQUIDATING TRUSTEE FOR RECONSIDERATION OF ORDER GRANTING
MOTION OF PLAINTIFF GRAY & ASSOCIATES, LLC FOR SANCTIONS AGAINST
DEFENDANT TRANSAMERICAN COMMERCIAL, LTD. AND ENTERING
JUDGMENT IN FAVOR OF PLAINTIFF GRAY & ASSOCIATES, LLC**

Upon consideration of (a) the Motion of Jeffrey Siskind to Vacate Order Granting Motion

of Gray & Associates, LLC for Sanctions Against Transamerican Commercial, Ltd. and Entering

Judgment in Favor of Gray & Associates, LLC (the "Motion to Vacate") filed by Jeffrey Siskind

and the Opposition to the Motion to Vacate filed by the Liquidating Trustee Gray & Associates, LLC (the "Liquidating Trustee"); (b) the Motion Of Liquidating Trustee For Reconsideration Of Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC (the "Motion for Reconsideration") filed by the Liquidating Trustee, and the lack of any response thereto; and (c) the arguments raised at the hearing on the Motion to Vacate and Motion for Reconsideration which took place on June 10, 2008; it is by the United States Bankruptcy Court for the District of Maryland (Baltimore Division) hereby FOUND THAT

A.      On August 7, 2007, the Liquidating Trustee filed the Motion to Compel against Transamerican requesting that Transamerican be compelled to respond to written discovery and appear at a deposition;

B.      On December 10, 2007, this Court granted the Motion to Compel and ordered that Transamerican appear for deposition in 30 days and provide written discovery responses and produce documents by December 15, 2007 (the "Compel Order");

C.      Transamerican failed to comply with the Compel Order, did not provide written discovery responses, produce documents or appear for a deposition;

D.      On March 21, 2008, the Liquidating Trustee sent a letter to Transamerican regarding its failure to comply with the Compel Order;

E.      Transamerican did not respond to the March 21st letter;

F.      On March 25, 2008, the Liquidating Trustee filed the Motion for Sanctions requesting that judgment be entered against Transamerican for its failure to provide discovery and comply with the Compel Order;

G.      No party to this adversary proceeding, including Transamerican, filed a response to the Motion for Sanctions;

H.      On May 16th, this Court entered the Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC entered by this Court on May 16, 2008 [Docket No. 51] (the "Sanctions Order"). The Sanctions Order provided that judgment was entered in favor of the Liquidating Trustee against Transamerican and avoided the transfer of the real property located at 401 Carysfort Road in Key Largo, Florida by the Debtor William L. Siskind (the "Debtor") and Jeffrey Siskind to Transamerican (the "Transfer") on February 14, 2002, which was recorded with the Land Records of Monroe County, Florida on March 11, 2002. This Court struck without prejudice the entry of a monetary judgment in favor of the Liquidating Trustee against Transamerican for this Transfer;

I.      The Liquidating Trustee filed the Motion Of Liquidating Trustee For Reconsideration Of Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC (the "Motion for Reconsideration") requesting that this Court enter a monetary judgment in favor of the Liquidating Trustee against Transamerican for the transfer;

J.      Jeffrey Siskind filed the Motion of Jeffrey Siskind to Vacate Order Granting Motion of Gray & Associates, LLC for Sanctions Against Transamerican Commercial, Ltd. and Entering Judgment in Favor of Gray & Associates, LLC (the "Motion to Vacate"). The Liquidating Trustee filed an opposition to the Motion to Vacate;

K.      On June 10, 2008, this Court held a hearing on the Motion for Reconsideration and Motion to Vacate.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

A.      The Motion to Vacate is DENIED;

B.      The Motion for Reconsideration is GRANTED;

C.      Judgment is entered in favor of the Plaintiff and against Transamerican for the Transfer, the amount of which Judgment (plus interest at the legal rate from the date of the Transfer together with any costs of this action) shall be determined at a subsequent damages hearing to be scheduled by this Court;

D.      Except as expressly provided in this Order, the terms of the Sanctions Order remain in full force and effect as of the date the Sanctions Order was entered; and

E.      This Court shall schedule a hearing on damages.

**END OF ORDER**

# EXHIBIT B

Entered: July 08, 2008
Signed: July 07, 2008
**SO ORDERED**

I hereby certify that the
foregoing is a true copy of the
original thereof now on file in
this office.

Dated this _23rd_ day of
_April_ _2012_
_m Travis_
Clerk, U.S. Bankruptcy Court
for the District of Maryland



_Nancy V Alquist_
**NANCY V. ALQUIST**
**U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: ) | Case No. 02-65786-ESD |
| WILLIAM L. SISKIND, ) | Chapter 11 |
| Debtor. ) | |
| GRAY & ASSOCIATES, LLC ) | |
| Substituted Plaintiff, ) | Adv. Proc. 04-2099 |
| v. ) | |
| TRANSAMERICAN COMMERCIAL, LTD. ) | |
| Defendant. ) | |

**ORDER DENYING MOTION OF JEFFREY SISKIND TO VACATE ORDER
GRANTING MOTION OF GRAY & ASSOCIATES, LLC FOR SANCTIONS AGAINST
DEFENDANT TRANSAMERICAN COMMERCIAL, LTD. AND ENTERING
JUDGMENT IN FAVOR OF GRAY & ASSOCIATES, LLC AND GRANTING MOTION
OF LIQUIDATING TRUSTEE FOR RECONSIDERATION OF ORDER GRANTING
MOTION OF PLAINTIFF GRAY & ASSOCIATES, LLC FOR SANCTIONS AGAINST
DEFENDANT TRANSAMERICAN COMMERCIAL, LTD. AND ENTERING
<u>JUDGMENT IN FAVOR OF PLAINTIFF GRAY & ASSOCIATES, LLC</u>**

Upon consideration of (a) the Motion of Jeffrey Siskind to Vacate Order Granting Motion

of Gray & Associates, LLC for Sanctions Against Transamerican Commercial, Ltd. and Entering

Judgment in Favor of Gray & Associates, LLC (the "Motion to Vacate") filed by Jeffrey Siskind

and the Opposition to the Motion to Vacate filed by the Liquidating Trustee Gray & Associates, LLC (the "Liquidating Trustee"); (b) the Motion Of Liquidating Trustee For Reconsideration Of Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC (the "Motion for Reconsideration") filed by the Liquidating Trustee, and the lack of any response thereto; and (c) the arguments raised at the hearing on the Motion to Vacate and Motion for Reconsideration which took place on June 10, 2008; it is by the United States Bankruptcy Court for the District of Maryland (Baltimore Division) hereby FOUND THAT

A.      On August 7, 2007, the Liquidating Trustee filed the Motion to Compel against Transamerican requesting that Transamerican be compelled to respond to written discovery and appear at a deposition;

B.      On December 10, 2007, this Court granted the Motion to Compel and ordered that Transamerican appear for deposition in 30 days and provide written discovery responses and produce documents by December 15, 2007 (the "Compel Order");

C.      Transamerican failed to comply with the Compel Order, did not provide written discovery responses, produce documents or appear for a deposition;

D.      On March 21, 2008, the Liquidating Trustee sent a letter to Transamerican regarding its failure to comply with the Compel Order;

E.      Transamerican did not respond to the March 21st letter;

F.      On March 25, 2008, the Liquidating Trustee filed the Motion for Sanctions requesting that judgment be entered against Transamerican for its failure to provide discovery and comply with the Compel Order;

G.      No party to this adversary proceeding, including Transamerican, filed a response to the Motion for Sanctions;

H.      On May 16th, this Court entered the Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC entered by this Court on May 16, 2008 [Docket No. 51] (the "Sanctions Order"). The Sanctions Order provided that judgment was entered in favor of the Liquidating Trustee against Transamerican and avoided the transfer of the real property located at 401 Carysfort Road in Key Largo, Florida by the Debtor William L. Siskind (the "Debtor") and Jeffrey Siskind to Transamerican (the "Transfer") on February 14, 2002, which was recorded with the Land Records of Monroe County, Florida on March 11, 2002. This Court struck without prejudice the entry of a monetary judgment in favor of the Liquidating Trustee against Transamerican for this Transfer;

I.      The Liquidating Trustee filed the Motion Of Liquidating Trustee For Reconsideration Of Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC (the "Motion for Reconsideration") requesting that this Court enter a monetary judgment in favor of the Liquidating Trustee against Transamerican for the transfer;

J.      Jeffrey Siskind filed the Motion of Jeffrey Siskind to Vacate Order Granting Motion of Gray & Associates, LLC for Sanctions Against Transamerican Commercial, Ltd. and Entering Judgment in Favor of Gray & Associates, LLC (the "Motion to Vacate"). The Liquidating Trustee filed an opposition to the Motion to Vacate;

K.      On June 10, 2008, this Court held a hearing on the Motion for Reconsideration and Motion to Vacate.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

A.      The Motion to Vacate is DENIED;

B.      The Motion for Reconsideration is GRANTED;

C.      Judgment is entered in favor of the Plaintiff and against Transamerican for the Transfer, the amount of which Judgment (plus interest at the legal rate from the date of the Transfer together with any costs of this action) shall be determined at a subsequent damages hearing to be scheduled by this Court;

D.      Except as expressly provided in this Order, the terms of the Sanctions Order remain in full force and effect as of the date the Sanctions Order was entered; and

E.      This Court shall schedule a hearing on damages.

**END OF ORDER**